**FRANKLIN S. MONTERO, ESQ. - EDNY No. FM-2557**
**THE LAW OFFICES OF FRANKLIN S. MONTERO, LLC**
451 Clifton Avenue
Clifton, New Jersey 07011
Tel: (973) 777-8718
Fax: (973) 777-1710
Email: montero@fmonterolaw.com
Attorney(s) for the Plaintiff(s)

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME DOMINGUEZ; JJD ENTERTAINMENT, INC., <br><br> Plaintiff(s), <br><br> vs. <br><br> DANIEL HERNANDEZ, a/k/a TEKASHI 69; Will Cornish; 6IX9INE TOURING INC.; 1ST CALL MGMT.; MURDA MGMT, LLC, <br><br> Defendant(s). | Civil Action <br><br> **COMPLAINT** <br><br> **Case No.** _____ <br><br> **Judge** _____ |

Plaintiff(s), Jaime Dominguez and JJD Entertainment, Incorporated, by and through their attorney, Franklin S. Montero, Esq., brings this law suit against the Defendant(s), Daniel Hernandez a/k/a Tekashi 69, Will Cornish, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC in this action, stating as follows:

## PARTIES

1. The Plaintiff, Jaime Dominguez, is an individual residing at 13303 Bridgepath Ct., Houston, TX 77041.

2. The Plaintiff, JJD Entertainment, Incorporated, is a corporation formed in the State

of Texas, and has offices at 13303 Bridgepath Ct., Houston, TX 77041.

3. The Defendant, Daniel Hernandez also known as Tekashi 69, is a performing musical artist.

4. The Defendant, Will Cornish is an individual residing in Bristol, Connecticut.

5. The Defendant, 6IX9INE Touring Incorporated, is a corporation of the State of New York located at 3000 Marcus Avenue, Suite 1W5, Lake Success, New York, 11042.

6. The Defendant, 1st Call Entertainment, LLC, is a limited liability company having offices located at 15 Henry Street, Bristol, CT 06010.

7. The Defendant, Murda Management, LLC, is a limited liability company having offices located at 4611 N. Federal Hwy, Apt. 139, Pompano Beach, FL 33064.

## BASIS FOR JUSRISDICITON

8. The Court has Subject Matter Jurisdiction in this case pursuant to 28 U.S.C § 1332. The amount in controversy exceeds $75,000 and the case is between citizens of different states. Plaintiff, Jaime Dominguez is a citizen of the State of Texas. Plaintiff, JJD Entertainment, Incorporated has its principal place of business in Texas and is incorporated in Texas. 6IX9INE Touring Incorporated, is a corporation of the State of New York located at 3000 Marcus Avenue, Suite 1W5, Lake Success, New York, 11042. None of the individual Defendant(s) in this case are citizens of Texas, and none of the corporate Defendant(s) have their principal place of business in, or are incorporated in, Texas.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff(s), Jaime Dominguez and JJD Entertainment, Incorporated are in the business of booking and promoting live music events/concerts.

10. The Defendant, Daniel Hernandez, also known as Tekashi 69, is a performing musical artist.

11. Defendant(s), Will Cornish, 6IX9INE Touring Incorporated, 1st Call Entertainment LLC, and Murda Management, LLC, operate to facilitate the touring and career endeavors of the Defendant, Daniel Hernandez.

12. In 2021, the Plaintiff(s) met the Defendant, Will Cornish, and began discussing the possibility of a concert in Houston, Texas in which the Defendant, Daniel Hernandez, would headline the event.

13. On May 20, 2021, the Plaintiff(s) and Defendant(s), Daniel Hernandez, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC, entered into an agreement to put on a musical performance in the Houston, Texas area.

14. The Parties agreed that the event would take place on June 27, 2021, at the Humble Civic Center in Humble, Texas.

15. The Parties agreed that 6IX9INE Touring Incorporated would receive $45,000.00 upon execution of the agreement, 1st Call Entertainment, LLC, and Murda Management, LLC would each receive $15,000.00, and Daniel Hernandez would receive $75,000.00 in cash on the day of the event, and a $20,000.00 flight buyout.

16. On May 20, 2021, Plaintiff(s) transferred $15,000.00 each to 1st Call Entertainment,

LLC, and Murda Management, LLC.

17. On May 21, 2021, the Plaintiff(s) transferred $45,000.00 to 6IX9INE Touring Incorporated.

18. On June 7, 2021, the Plaintiff(s) reserved a private jet for the Defendant, Daniel Hernandez, at the cost of $28,649.70.

19. In anticipation of, and incidental to, the June 27, 2021, concert, the Plaintiff(s) entered into several other agreements and incurred over $100,000.00 in expenses in order to fulfill their end of the bargain.

20. On June 27, 2021, Defendant, Daniel Hernandez, arrived in Houston, Texas on the private jet provided by Plaintiff(s).

21. Later, on June 27, 2021, Defendant, Daniel Hernandez, arrived at the Humble Civic Center and the Plaintiff(s) paid the Defendant, Daniel Hernandez, the remaining $75,000.00 as required by the contract.

22. Then, shortly before the Defendant, Daniel Hernandez, was scheduled to perform, he declared his intent to breach the agreement and leave concert site without performing.

23. Defendant, Daniel Hernandez, then left the area, did not return, and never performed as required by the agreement.

24. The Plaintiff(s) were required to refund concert tickets sold and suffered a loss on all expenses incurred in fulfilling their obligations under the agreement.

25. Plaintiff(s) fulfilled all their obligations required of them under the agreement.

## COUNT ONE
## (Breach of Contract)

26. Plaintiff(s) repeats and alleges each of the allegations set forth hereinabove as through fully set forth herein.

27. The Plaintiff(s) and Defendant(s), Daniel Hernandez, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC, entered into an agreement to put on a musical performance in the Houston, Texas area on May 20, 2021, for an agreed upon payment of $170,000.00.

28. The Plaintiff(s) paid the Defendant(s) as follows: 6IX9INE Touring Incorporated received $45,000.00 upon execution of the agreement; 1st Call Entertainment, LLC, and Murda Management, LLC each received $15,000.00; and Daniel Hernandez received $75,000.00 in cash on the day of the event. The Plaintiff(s) also paid $28,649.70 for a private jet usage on the day of the event from Boca Roton, FL to Houston, TX and back for the Defendant, Daniel Hernandez and members of his party.

29. In all, the Plaintiff(s) spent $178,649.70 for the Defendant(s), over the agreed upon $170,000.00. That does not include the additional expenses incurred by the Plaintiff(s) such as venue rental, production costs, security, and insurance, which total well over $100,000.00 for the event that did not occur on June 27, 2021.

30. The Defendant, Daniel Hernandez also known as Tekashi 69, collected his $75,000.00 in cash on the day of the concert, as agreed in the contract, and decided to leave the event site without performing.

31. The actions of the Defendant(s), Tekashi 69, known as Daniel Hernandez,

materially breached the express terms of the agreement by not rendering a musical performance as required by the agreement in which the Plaintiff(s) performed all their duties under the terms of the contract.

32. As a direct and proximate result of Defendant(s) actions, Plaintiff(s) have suffered, and continue to suffer, pecuniary harm.

WHEREFORE, Plaintiff(s), demand Judgment against the Defedant(s) jointly and severally, for the following relief:

a. Compensatory damages;

b. Consequential and incidental damages;

c. Cost of suit, lawful interest, and attorneys' fees; and

d. For such other and further relief, the Court may deem proper.

## COUNT TWO
### (Defamation - Statement to TMZ)

33. The Plaintiff(s) repeats and reiterates the allegations set forth above and incorporate those into this Count.

34. Shortly after the Defendant, Daniel Hernandez, failed to perform in accordance with the agreement, he made false statements to the Tabloid Company, TMZ.

35. TMZ is a tabloid journalism online newspaper, having offices located at 13031 West Jefferson Boulevard, Los Angeles, California 90066 and 8000 Sunset Boulevard, Los Angeles, California 90046.

36. Defendant, Daniel Hernandez, told TMZ, that the contract price was $250,000.00, and that he only received $70,000.00 of that amount, and he returned the monies paid, knowing that those statements were false.

37. On June 28, 2021, TMZ published an article with false statements from Defendant, Daniel Hernandez, knowing that the statements were false, or with serious doubts as to the truth of the statements against the Plaintiff(s).

38. Due to Plaintiff(s) notoriety in the Houston, Texas area music and concert scene, and the publicity of these statements, have been understood as directed at the Plaintiff(s).

39. These false statements have been republished by other media outlets.

40. As a direct and proximate result of Defendants' actions, Plaintiff(s) have suffered, and continue to suffer, pecuniary and reputational harm, including the loss of business opportunities with prominent musical artists.

WHEREFORE, Plaintiff(s), demand Judgment against the Defendant(s) jointly and severally, for the following relief:

a. Compensatory damages;

b. Consequential and incidental damages;

c. Cost of suit, lawful interest, and attorneys' fees; and

d. For such other and further relief, the Court may deem proper.

## COUNT THREE
### (Defamation - Statement on Livestream)

41. The Plaintiff(s) repeats and reiterates the allegations set forth above and incorporate those into this Count.

42. Shortly after Defendant, Daniel Hernandez, failed to perform in accordance with the agreement, he went on a livestream with DJ Akademiks where the Defendant, Daniel Hernandez stated that the contract price was $250,000.00, that he received a $45,000.00 deposit, and $70,000.00 in cash, knowing that those statements were false

43. On that livestream, Defendant, Daniel Hernandez, adamantly states that the only reason he left the concert site was because he did not get paid, knowing that statement was false.

44. Also, on the livestream, Defendant, Daniel Hernandez, states that this is the third time that this promoter and production company, the Plaintiff(s), failed to pay the full contract price.

45. Due to Plaintiffs' notoriety in the Houston area music and concert scene, and the publicity of these statements, these statements have been understood as directed at the Plaintiffs.

46. These false statements have been republished by other media outlets.

47. As a direct and proximate result of Defendants' actions, the Plaintiff(s) have suffered, and continue to suffer, pecuniary and reputational harm, including the loss of business opportunities with prominent musical artists.

WHEREFORE, Plaintiff(s), demand Judgment against the Defendants jointly and severally, for the following relief:

a. Compensatory damages;

b. Consequential and incidental damages;

c. Cost of suit, lawful interest, and attorneys' fees; and

d. For such other and further relief, the Court may deem proper.

## COUNT FOUR
### (Unjust Enrichment)

48. The Plaintiff(s) repeats and reiterates the allegations set forth above and incorporate those into this Count.

49. The Plaintiff(s) were in contact with the Defendant(s), Daniel Hernandez, Will Cornish, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC, during the negotiations of the agreement.

50. The Plaintiff(s) received assurances from the Defendant(s), Daniel Hernandez, Will Cornish, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC, after the execution of the agreement, and as a result were unjustly enriched given their failure to perform the terms of the agreement.

51. On June 27, 2021, the day of the scheduled concert, Defendant, Daniel Hernandez, gave assurances to the Plaintiff(s) at the concert venue and the Plaintiff(s) relied on such assurances to their detriment.

52. Defendant(s), Daniel Hernandez, Will Cornish, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC, received the benefit of the money transferred to them and the costly accommodations made by Plaintiff(s) in anticipation of the contract performance. It is inequitable and against good conscience to allow the Defendant(s) to be unjustly enriched given their failure to perform.

53. Defendant, Daniel Hernandez, received the benefit of the money transferred to him, the special accommodations made by Plaintiff(s) in advance of the scheduled event that included a private jet, private quarters for the Defendant and catering for Defendant's enjoyment at the concert venue prior to the scheduled performance. It is inequitable and against good conscience to allow the Defendant to be unjustly enriched given his failure to perform.

54. Given the assurances and behavior of the Defendant(s), Daniel Hernandez, Will Cornish, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC, it is unjust for them to retain the value of the benefits they received from the Plaintiff(s).

WHEREFORE, Plaintiff(s), demand Judgment against the Defendant(s) jointly and severally, for the following relief:

a. Compensatory damages;
b. Consequential and incidental damages;
c. Reimbursement for costs incurred related to the private jet, other travel, advertising, and all facilities and amenities used and enjoyed by the Defendant(s);
d. Cost of suit, lawful interest, and attorneys' fees; and
e. For such other and further relief, the Court may deem proper.

## COUNT FIVE
### (Fraud in the Inducement)

55. The Plaintiff(s) repeats and reiterates the allegations set forth above and incorporate those into this Count.

56. The assurances given by Defendant, Daniel Hernandez to Plaintiff(s), prior to and on the day of the scheduled event, were made falsely and knowingly.

57. These assurances were material and caused the Plaintiff(s) to continue moving forward with the scheduled event.

58. The Plaintiff(s) would not have continued to move forward but for the knowingly false assurances of the Defendant, Daniel Hernandez.

59. The Defendant, Daniel Hernandez, should have expressed any concern he had about performing, instead of concealing it.

60. These assurances caused the Plaintiff(s) to delay the cancellation of the event which caused significant financial and reputational damage.

61. The damage of cancellation would have been mitigated if no false assurances had been made and if any concerns of Defendant, Daniel Hernandez, had been disclosed in advance to the Plaintiff(s). The false promises of future performances and the Plaintiff(s) reliance on those knowingly false statements made by the Defendant, Daniel Hernandez caused damages not only in the short term but the forceable future to the Plaintiff(s).

62. As a direct and proximate result of Defendants' actions, the Plaintiff(s) have suffered, and continue to suffer, pecuniary damages.

WHEREFORE, Plaintiff(s), demand Judgment against the Defedant(s) jointly and severally, for the following relief:

a. Compensatory damages;

b. Consequential and incidental damages;

c. Cost of suit, lawful interest, and attorneys' fees; and

d. For such other and further relief, the Court may deem proper.

## COUNT SIX
## (Breach of Implied Covenant of Good Faith and Fair Dealing)

63. The Plaintiff(s) repeats and reiterates the allegations set forth above and incorporate those into this Count.

64. Every contract has an implied covenant of good faith and fair dealing.

65. Defendant, Daniel Hernandez, gave assurances to the Plaintiff(s) although the Defendant had reservations and doubts about performing.

66. Defendant(s), Daniel Hernandez, Will Cornish, 6IX9INE Touring Incorporated, 1st Call Entertainment, LLC, and Murda Management, LLC, failed to take any action to promote the scheduled event.

67. The Defendant(s) breached the implied covenant of good faith and fair dealing by giving assurances to Plaintiffs despite doubts of performing, failing to timely raise doubts and concerns about the agreement, and failing to promote the event, in order to deceive the Plaintiff(s) into believing that a valid agreement with consideration existed.

68. As a direct and proximate result of Defendants' breach, the Plaintiff(s) suffered and continue to suffer, pecuniary harm.

WHEREFORE, Plaintiff(s), demand Judgment against the Defendant(s) jointly and severally, for the following relief:

a. Compensatory damages;

b. Consequential and incidental damages;

c. Cost of suit, lawful interest, and attorneys' fees; and

d. For such other and further relief, the Court may deem proper.

FRANKLIN S. MONTERO, ESQ.
THE LAW OFFICES OF FRANKLIN S. MONTERO, LLC
EDNY No. FM-2557
451 Clifton Avenue
Clifton, New Jersey 07011
(973) 777-8718
*montero@fmonterolaw.com*
Attorney for the Plaintiff(s)

By: _____
FRANKLIN S. MONTERO, ESQ.

Dated: December 21, 2021