UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JAIME DOMINGUEZ and JJD ENTERTAINMENT INC.,

                    Plaintiff,

v.

DANIEL HERNANDEZ A/K/A TEKASHI 69, WILL CORNISH, 6IX9INE TOURING INC., 1ST CALL ENTERTAINMENT, LLC and MURDA MANAGEMENT, LLC,

                    Defendants.

-----------------------------------------------------------------

**ORDER**
21-CV-7051 (MKB) (VMS)

MARGO K. BRODIE, United States District Judge:

Plaintiffs Jaime Dominguez and JJD Entertainment Inc. commenced the above-captioned action against Defendants Daniel Hernandez, also known as Tekashi 69, Will Cornish, 6IX9INE Touring Inc., 1st Call Entertainment, LLC, and Murda Management, LLC on December 21, 2021, alleging breach of contract, defamation, unjust enrichment, fraud inducement, and breach of the implied covenant of good faith and fair dealing. (Compl., Docket Entry No. 1.) Defendants failed to appear or otherwise respond to the action, and the Clerk of Court noticed a default against Defendants on May 23, 2022. (Clerk's Entry of Default, Docket Entry No. 10.) On July 21, 2022, Plaintiffs moved for a default judgment, (Pls.' Mot. for Default J. ("Pls.' Mot."), Docket Entry No. 11), and on July 22, 2022, the Court referred Plaintiffs' motion to Magistrate Judge Vera M. Scanlon for a report and recommendation, (Order dated July 22, 2022).

By report and recommendation dated February 22, 2023, Judge Scanlon recommended that that the Court deny Plaintiffs' motion for default judgment without prejudice and order Plaintiffs to show cause as to why: (1) subject matter based on diversity exists; (2) venue is

proper; (3) personal jurisdiction exists over all Defendants except 6IX9INE Touring; and (4) certificates of default should not be vacated and Plaintiffs be required to complete proper service on Hernandez, Cornish, 1st Call Entertainment, LLC, and Murda Management, LLC, within a period of time set by this Court (the "R&R").[1]  (R&R 2, 59–60, Docket Entry No. 23.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson,*

---

[1] On August 25, 2022, Judge Scanlon ordered Plaintiffs to file a letter with supplemental information regarding service.  (Order dated Aug. 25, 2022.)  On October 4, 2022, Plaintiffs filed a letter with additional information.  (Letter dated Oct. 4, 2022, Docket Entry No. 21.)

2

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

For the foregoing reasons, the Court adopts the R&R, denies without prejudice Plaintiffs' motion for a default judgment and orders Plaintiffs to show cause within thirty days as to why: (1) subject matter based on diversity exists; (2) venue is proper; (3) personal jurisdiction exists over all Defendants except 6IX9INE Touring Inc.; and (4) the Court should not vacate the certificates of default and require Plaintiffs to properly serve Hernandez, Cornish, 1st Call Entertainment, LLC, and Murda Management, LLC.  Plaintiffs are directed to serve copies of this Order upon Defendants at their last known addresses and to file proof of service with the Court.

Dated: March 20, 2023
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge