UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JAIME DOMINGUEZ and JJD
ENTERTAINMENT, INC.,

                        Plaintiffs,

               -against-

DANIEL HERNANDEZ a/k/a Tekashi 69, WILL
CORNISH, 6IX9INE TOURING INC., 1ST CALL
ENTERTAINMENT LLC, and MURDA
MANAGEMENT, LLC,

                        Defendants.
------------------------------------------------------------- x

**SUA SPONTE REPORT AND RECOMMENDATION**

21 Civ. 7051 (MKB) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs commenced this action on December 12, 2021. The District Court denied without prejudice Plaintiffs' motion for default judgment against Defendants on March 20, 2023, see generally ECF No. 26, wherein the District Court also ordered Plaintiffs to serve copies of the Order on Defendants and to file proof of such service and ordered Plaintiffs to show cause, within thirty days, as to why "(1) subject matter based on diversity exists; (2) venue is proper; (3) personal jurisdiction exists over all Defendants except 6IX9INE Touring Inc.; and (4) the Court should not vacate the certificates of default and require Plaintiffs to properly serve Hernandez, Cornish, 1st Call Entertainment, LLC, and Murda Management, LLC," id. at 3. Plaintiffs failed to comply with the District Court's Order, both with regard to filing proof of service and with regard to showing cause as to the enumerated items. On January 21, 2024, the Court entered an Order noting the non-compliance, in both respects, and warning that, "[i]f Plaintiffs d[id] not comply by 2/22/2024, this Court m[ight] recommend that the District Court dismiss the case for failure to prosecute." 1/21/2024 Order. Plaintiffs failed to comply with the Court's Order, both with regard to filing proof of service and with regard to showing cause as to the enumerated

1

items.  On March 31, 2024, the Court again entered an Order noting the non-compliance, in both respects; warning that, "[i]f Plaintiffs d[id] not comply by 4/8/2024, this Court w[ould] likely recommend that the District Court dismiss this case for failure to prosecute," such that "Plaintiffs m[ight] then be precluded from litigat[ing] the claims raised in the Complaint"; and directing Plaintiffs to serve copies of the Order on Defendants and to confirm such service in the required filing.  Plaintiffs wholly failed to comply with the Order.

Federal Rule of Civil Procedure 41(b) (the "Rule") provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Although the Rule "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  In determining whether to sua sponte dismiss an action pursuant to the Rule, courts must consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citations & quotations omitted).  Evaluation of these factors allows courts to "make a finding of willfulness, bad faith, or reasonably serious fault" prerequisite to dismissal.  Id. at 217 (citation & quotations omitted).  Such dismissals also must "be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard."  Id. (citation & quotations omitted).  These requirements are in place

because "such dismissals are the harshest of sanctions," warranted "only in extreme situations," and have "harsh consequences for clients, who may be blameless." Id. at 216-17 (citations & quotations omitted).

Application of the foregoing criteria to this action results in the conclusion that this action should be dismissed sua sponte pursuant to the Rule.

The five-factor analysis weighs in favor of dismissal. As to the first factor, Plaintiffs were required to show cause as to the enumerated items in the District Court's March 20, 2023 Order within thirty days, or on or before April 19, 2023, but failed to do so, such that Plaintiffs have been out of compliance with the Order for more than eighteen months. As to the second factor, Plaintiffs were put on notice of the risk of dismissal for failure to prosecute created by the failure to respond to the District Court's Order in both the Court's January 21, 2024 Order and the Court's March 31, 2024 Order, as well as the risk of being precluded from litigating the claims in Plaintiffs' complaint in the March 31, 2024 Order; these notices were sufficient to inform an attorney, such as Plaintiffs' counsel, of the risks of continued failure to respond to Orders. As to the third factor, Defendants have not appeared in the action and, as such, have not articulated any prejudice that would inure to them from the delay in this action. As to the fourth factor, the Court has an interest in resolving actions that are not being prosecuted, such as the action here, particularly where Plaintiffs have not taken required steps in the action for more than eighteen months, despite the entry of three Orders instructing them to do so. As to the fifth factor, no sanction less drastic than dismissal is available to the Court, given that the Court cannot compel Plaintiffs, through their counsel, to prosecute this action. This analysis necessitates a finding that Plaintiffs' failure to prosecute this action is either willful or is due to the reasonably serious fault of their counsel.

The procedural prerequisites to dismissal have also been satisfied. As discussed in relation to the second factor above, Plaintiffs were put on notice of the sanctionable conduct in both the Court's January 21, 2024 Order and the Court's March 31, 2024 Orders. Plaintiffs were informed of the standard by which a potential dismissal recommendation would be assessed, namely by whether Plaintiffs responded to the District Court's March 20, 2023 Order and this Court's January 21, 2024 Order and March 31, 2024 Order. Plaintiffs were given two opportunities to be heard, through this Court's January 21, 2024 Order and March 31, 2024 Order, after their initial noncompliance with the District Court's March 20, 2023 Order.

As the relevant factors largely favor dismissal and the procedural requirements for dismissal are met, the Court respectfully recommends that this action be dismissed <u>sua sponte</u> pursuant to the Rule.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals. <u>See</u> <u>Miller v. Brightstar Asia, Ltd.</u>, 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

The Court will mail a copy of this report and recommendation to Franklin Santiago Montero, Law Offices of Franklin S. Montero, LLC, 451 Clifton Avenue, Clifton, NJ 07011; Daniel Hernandez, 3000 Marcus Avenue, Suite 1WF, New Hyde Park, NY 11042; Daniel Hernandez, 3000 Marcus Avenue, Suite 1W5, Lake Success, NY 11042; Will Cornish, 15 Henry Street, Bristol, CT 06010; Will Cornish, 414 Tiffany Lane, Bristol, CT 06010; 6IX9INE Touring Inc., 3000 Marcus Avenue, Suite 1WF, New Hyde Park, NY 11042; 6IX9INE Touring Inc., 3000 Marcus Avenue, Suite 1W5, Lake Success, NY 11042; 1st Call Entertainment LLC, 15 Henry Street, Bristol, CT 06010; 1st Call Entertainment LLC, 414 Tiffany Lane, Bristol, CT 06010; Murda Management, LLC, 4611 North Federal Highway, Apartment 139, Pompano Beach, FL 33064; Murda Management, LLC, 4611 North Federal Highway, Apartment 122, Pompano Beach, FL 33064; and Murda Management, LLC c/o Linn Corporation, 1730 South Federal Highway, Suite 102, Delray Beach, FL 33483. The issuance of this report and recommendation will also generate an electronic notification of its issuance to Franklin Santiago Montero.

Dated: Brooklyn, New York
October 30, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge