UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JAIME DOMINGUEZ and JJD ENTERTAINMENT, INC.,

                          Plaintiffs,

                    v.

DANIEL HERNANDEZ A/K/A TEKASHI 69, WILL CORNISH, 6IX9INE TOURING INC., 1ST CALL ENTERTAINMENT LLC, and MURDA MANAGEMENT, LLC,

                          Defendants.

**ORDER**
21-CV-7051 (MKB) (VMS)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Jaime Dominguez and JJD Entertainment, Inc., commenced the above-captioned action on December 21, 2021, against Defendants Daniel Hernandez, also known as Tekashi 69, Will Cornish, 6IX9INE Touring Inc., 1st Call Entertainment, LLC, and Murda Management, LLC, alleging breach of contract, defamation, unjust enrichment, fraud in the inducement, and breach of implied covenant of good faith and fair dealing.[1]  (Compl., Docket Entry No. 1.)  Defendants failed to appear or otherwise respond to the action, and the Clerk of Court noticed a default against Defendants on May 23, 2022.  (Clerk's Entry of Default, Docket Entry No. 10.)  On July 21, 2022, Plaintiffs moved for a default judgment.  (Pls.' Mot. for Default J., Docket Entry No. 11.)  The Court referred the motion for default judgment to Magistrate Judge Vera M. Scanlon on July 22, 2022 for a report and recommendation.  (Order

---

[1] The docket lists Plaintiff Dominguez as "Jamie Dominguez" but the Complaint lists Plaintiff as "Jaime Dominguez."  (*See* Compl., Docket Entry No. 1.)  The Court identifies Plaintiff as specified in the Complaint.

dated July 22, 2022.)  By report and recommendation dated February 22, 2023, Judge Scanlon recommended that the Court deny Plaintiffs' motion for default judgment and order Plaintiffs to show cause as to several jurisdictional issues (the "February 2023 R&R").  (February 2023 R&R 2, 59–60, Docket Entry No. 23.)  The Court adopted Judge Scanlon's report and recommendation on March 20, 2023 and denied Plaintiff's motion for default judgment.  (Order adopting report and recommendation (the "March 2023 Order"), Docket Entry No. 26.)  Plaintiffs failed to comply with several subsequent Court orders.

By *sua sponte* report and recommendation dated October 30, 2024, Judge Scanlon recommended dismissing this case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "R&R").  (Sua Sponte Report and Recommendation, Docket Entry No. 32.)  For the reasons discussed below, the Court adopts the R&R and dismisses the case with prejudice for failure to prosecute.

**I.  Background**

In the March 2023 Order, the Court ordered "Plaintiffs to show cause within thirty days as to why (1) subject matter based on diversity exists; (2) venue is proper; (3) personal jurisdiction exists over all Defendants except 6IX9INE Touring Inc.; and (4) the Court should not vacate the certificates of default and require Plaintiffs to properly serve" all Defendants except 6IX9INE Touring Inc.  (March 2023 Order 3.)  Plaintiffs were directed to serve copies of the March 2023 Order upon Defendants at their last known addresses and to file proof of service with the Court.  (*Id.*)

Plaintiffs did not comply with the March 2023 Order.  On January 21, 2024, Judge Scanlon directed Plaintiffs to comply with the March 2023 Order by filing proof of service and to show cause as to the enumerated jurisdictional issues by February 22, 2024.  (Order dated January 21, 2024.)  Judge Scanlon noted that failure to comply could result in her

recommendation to this Court to dismiss this case for failure to prosecute. (*Id.*) On March 31, 2024, Judge Scanlon directed Plaintiffs to comply with the March 2023 Order by April 8, 2024, and informed Plaintiffs that if they did not respond, Judge Scanlon would "likely recommend that the District Court dismiss this case for failure to prosecute." (Order dated March 31, 2024.) Plaintiffs did not file a response with the Court.

Judge Scanlon therefore recommends that the Court dismiss the case for failure to prosecute. (R&R 4.) On October 30, 2024, the Clerk of Court mailed the R&R to Plaintiffs and Defendants. (*Id.* at 5.) No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y.*

3

*State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court dismisses this action with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this case.

Dated: December 2, 2024
      Brooklyn, New York

                                          SO ORDERED:

                                          /MKB
                                        MARGO K. BRODIE
                                        United States District Judge